CURTIS R. TINGLEY (SBN 112322)
*ctingley@tingleylawgroup.com*
STEPHEN D. COLLINS (SBN 277482)
*scollins@tingleylawgroup.com*
KEVIN W. ISAACSON (SBN 281067)
*kisaacson@tingleylawgroup.com*
TINGLEY LAW GROUP, PC
10 Almaden Boulevard, Suite 430
San Jose, California 95113
Telephone:     (408) 283-7000
Facsimile:     (408) 283-7010

Attorneys for Plaintiff
E & E COMPANY, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E & E CO., LTD., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT IN THE BOX LIMITED, a Hong Kong corporation,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) COPYRIGHT INFRINGEMENT**<br>**(2) FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**<br>**(3) CALIFORNIA UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff E & E CO., LTD. ("Plaintiff" or "E & E"), for its claims against Defendant LIGHT IN THE BOX LIMITED ("Defendant" or "LITB") respectfully alleges as follows:

**<u>INTRODUCTION</u>**

1.     This action is brought by Plaintiff to address Defendant's manufacturing, selling, offering for sale, and/or importing of unlicensed and infringing products containing unauthorized copies of E & E's copyright-protected designs, E & E's trademarks and trade names, and containing false designations of origin misrepresenting E & E as the source of its products (the "Infringing Products"), which also constitutes unfair competition, throughout the world, including to consumers within this District, through Defendant's website located at www.lightinthebox.com ("Defendant's Website").  Plaintiff has been and will continue to be irreparably damaged through

1  consumer confusion related to its valuable trademarks and goodwill as well as the unauthorized

2  use of its copyright-protected designs as a result of Defendant's actions and seeks injunctive and

3  monetary relief.

4  ## THE PARTIES

5  2.       Plaintiff E & E is a corporation duly organized and existing under the laws of the

6  State of California, filed on July 26, 1994, with its principal place of business in Fremont,

7  California.

8  3.       Upon information and belief, Defendant LITB is incorporated in Hong Kong with

9  its principal place of business in Hong Kong that primarily engages in product sourcing,

10  marketing and the operation of Defendant's Website, and the sale of products targeted towards

11  consumers outside of China, including the United States.

12  ## JURISDICTION AND VENUE

13  4.       Plaintiff files this action against Defendant for copyright infringement under the

14  Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*, as well as false advertising and

15  false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. §1051, *et seq.*

16  (the "Lanham Act"), and related claims under the statutory and common law of the state of

17  California.  This Court has subject matter jurisdiction over the copyright infringement, false

18  advertising and false designation of origin claims under 15 U.S.C. §1121(a), 28 U.S.C. §§ 1331,

19  1338(a) and 1367.

20  5.       This Court has subject matter jurisdiction over the remaining claims, pursuant to

21  28 U.S.C. § 1367, because the state law claims are so related to the federal claims that they form

22  part of the same case or controversy and derive from a common nucleus of operative facts.

23  6.       This Court also has subject matter jurisdiction over this action under 28 U.S.C.

24  § 1332 because there is a diversity of citizenship between the parties and the amount in

25  controversy exceeds the sum of $75,000.  Plaintiff E & E is a corporation incorporated under the

26  laws of the State of California, with its principal place of business in the City of Fremont, County

27  of Alameda, State of California.  Upon information and belief, Defendant is incorporated in Hong

28  Kong with its principal place of business in Hong Kong.  The matter in controversy, exclusive of

1    interest and costs, exceeds the sum of $75,000.

2         7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because, on

3    information and belief, a substantial part of the events or omissions giving rise to the claims

4    occurred in this judicial district, Defendant directly targets business activities toward consumers

5    in California and causes harm to Plaintiff's business within this Judicial District, Defendant has

6    targeted sales from California residents by operating a fully interactive and commercial website

7    that offers to sell and has sold products, including Infringing Products, to residents of California,

8    Defendant is committing tortious acts in California, is engaging in interstate commerce, and has

9    wrongfully caused E & E substantial injury in this district.

10        8.    Personal jurisdiction exists over Defendant, on information and belief, by virtue of

11   the following facts: Defendant directly targets business activities toward consumers in California

12   and causes harm to Plaintiff's business within this Judicial District.  Defendant has targeted sales

13   from California residents by operating a fully interactive and commercial website that offers to

14   sell and has sold products, including Infringing Products, to residents of California.  Defendant is

15   committing tortious acts in California, is engaging in interstate commerce, and has wrongfully

16   caused E & E substantial injury in the State of California.

17                              **INTRADISTRICT ASSIGNMENT**

18        9.    For purposes of Local Rules 3-2(c) and 3-5(b), this action arises in Alameda

19   County where E & E operates its business and where a substantial portion of the actions,

20   omissions, or statements giving rise to the claims described below took place and/or were

21   directed.  Accordingly, this case should be assigned to the San Francisco Division or the Oakland

22   Division of this Court pursuant to Local Rule 3-2.

23                    **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

24        A.    **Plaintiff's Copyright-Protected Designs**

25        10.   E & E was incorporated as a California corporation over 20 years ago.  Since then,

26   E & E has become a comprehensive source of various products and brands in the home

27   furnishings marketplace.  E & E provides superior design, global sourcing, world class supply

28   chain management, innovative products and marketing.

TINGLEY LAW GROUP
ATTORNEYS AT LAW

FC9E1D6C.doc                              - 3 -                      **COMPLAINT FOR DAMAGES**

11.     As a result of its long-standing use, E & E owns common law trademark rights in its various trademarks, including, but not limited to, its name, E & E Co., Ltd.  E & E has also registered various trademarks with the United States Patent and Trademark Office.  E & E uses its common law and registered trademarks in connection with its home furnishings goods and related services.  (Collectively and singularly referred to as "Plaintiff's Trademarks")

12.     A significant source of revenue for E & E comes from the use of patterns and designs created by E & E in home furnishings products, including bedding, bath, home décor, furniture, and apparel articles which are made available to the public.  ("Plaintiff's Designs")

13.     The revenue from products using Plaintiff's Designs sold in the United States is substantial.  The design, configuration, and distinctive features of Plaintiff's Designs and of works related thereto (hereinafter individually and collectively referred to as "Plaintiff's Copyrighted Designs") are wholly original with E & E and, as fixed in various tangible media including, without limitation, merchandise, are copyrightable subject matter under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*

14.     E & E has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to E & E's Copyrighted Designs.  E & E has applied for and/or obtained copyright registrations for E & E's Copyrighted Designs from the United States Copyright Office.  Plaintiff's Copyrighted Designs manufactured, sold, and distributed by E & E or under its authority have been manufactured, sold, and distributed in conformity with the provisions of the copyright laws. E & E and those acting under its authority have complied with their obligations under the copyright laws. E & E is the owner of Plaintiff's Copyrighted Designs and the related copyright registrations.

15.     E & E owns all right, title, and interest in and to and holds exclusive rights to develop, manufacture, market, and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Plaintiff's Designs.

16.     Through longstanding use and registration, Plaintiff's Trademarks have achieved a high degree of consumer recognition.  Plaintiff's Trademarks and the goodwill associated

1    therewith are valuable assets of Plaintiff.

2        17.    Due to Plaintiff's long use and extensive promotional activities, Plaintiff's

3    Trademarks have achieved widespread acceptance and recognition among the consuming public

4    and trade throughout the United States.  The arbitrary and distinctive E & E Co., Ltd. mark

5    identifies E & E as the source/origin of the goods and services associated with the mark.

6        **B.    Defendant's Infringing Conduct**

7        18.    Defendant operates Defendant's Website which is a fully interactive, commercial

8    website.  Defendant advertises that "[a]s a China-based global online retailer,

9    LightInTheBox.com has developed long lasting ties with factories, distributors and warehouses

10   throughout the Chinese wholesale community" and that it offers "Low Prices Direct From

11   Factory Suppliers".

12       19.    Beginning at least as early as May 2014, Defendant has engaged in designing,

13   manufacturing, advertising, promoting, distributing, selling, offering for sale, and/or importing

14   into the United States by way of Defendant's Website Infringing Products, including, without

15   limitation, quilts and bedding products, which infringe upon Plaintiff's copyrights by the

16   inclusion of unauthorized, exact copies of E & E's Copyrighted Designs or designs strikingly or

17   substantially similar to E & E's Copyrighted Designs and which also infringe upon Plaintiff's

18   trademark rights and misrepresent E & E as the source of goods which were never sold by or

19   authorized to be sold by E & E.

20       20.    An E & E investigator visited Defendant's Website and purchased some Infringing

21   Products which were shipped from China to the State of California.

22       21.    Defendant has never been authorized by Plaintiff to distribute Plaintiff's

23   Copyrighted Designs, nor has Plaintiff ever authorized, licensed, or in any manner allowed

24   Defendant the right to manufacture, distribute, sell, offer for sale, or import any goods which bear

25   or incorporate any of Plaintiff's Copyrighted Designs, Plaintiff's Trademarks, and/or indicate

26   Plaintiff as the source of Defendant's products.

27       22.    Plaintiff is informed and believes, and thereon alleges, that Defendant designed,

28   manufactured, or otherwise obtained goods containing Plaintiff's Copyrighted Designs and

1   Plaintiff's trademarks which had never been accepted, approved, sold, or offered for sale by

2   Plaintiff or with Plaintiff's authorization.

3          23.     Plaintiff is informed and believes, and thereon alleges, that Defendant copied and

4   used Plaintiff's photographs of Plaintiff's goods on Defendant's Website.  These photographs of

5   Plaintiff's goods are wholly original with E & E and, as fixed in various tangible media including,

6   without limitation, photographic images, are copyrightable subject matter under the Copyright

7   Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.

8          24.     Plaintiff is informed and believes, and thereon alleges, that prior to and since

9   Defendant's wrongful conduct began, Defendant was, and is, aware of Plaintiff's Copyrighted

10  Designs and of the strength and goodwill associated with Plaintiff's Trademarks.

11         25.     Plaintiff is informed and believes, and thereon alleges, that Defendant's

12  infringement upon Plaintiff's Copyrighted Designs and Plaintiff's Trademarks as well as

13  Defendant's false designation of origin was willful.

14         26.     Defendant's willful infringement of Plaintiff's Copyrighted Designs and Plaintiff's

15  Trademarks as well as Defendant's willful false designation of origin is likely to cause and has

16  caused confusion, mistake, and deception by and among consumers and is irreparably harming

17  E & E.

18                                    **FIRST CLAIM FOR RELIEF**

19                    **(Copyright Infringement — 17 U.S.C. §§ 101, *et seq*.)**

20         27.     Plaintiff incorporates by reference the allegations in the above paragraphs as if

21  fully set forth herein

22         28.     Defendant has, without authorization, manufactured, distributed, sold, offered for

23  sale, or imported home furnishings and other merchandise bearing some or all of Plaintiff's

24  Copyrighted Designs.

25         29.     Defendant has never been authorized by Plaintiff to distribute Plaintiff's

26  Copyrighted Designs, nor has Plaintiff ever authorized, licensed, or in any manner allowed

27  Defendant the right to manufacture, distribute, sell, offer for sale, or import any merchandise

28  including, but not limited to, home furnishings or related merchandise which bear any of

Plaintiff's Copyrighted Designs.

30. Defendant has, without authorization, manufactured, distributed, sold, offered for sale, or imported home furnishings and other merchandise which copy or otherwise incorporate Plaintiff's Copyrighted Designs, in direct infringement of Plaintiff's rights in Plaintiff's Copyrighted Designs.

31. Defendant has, without authorization, manufactured, distributed, sold, offered for sale, or imported unauthorized home furnishings or other merchandise bearing Plaintiff's Copyrighted Designs. Defendant committed its acts with actual as well as constructive knowledge of Plaintiff's exclusive rights, and its actions have contributed to the infringing, copying, duplication, sale, or offer for sale, or importation of unauthorized copies of Plaintiff's Copyrighted Designs. Each act by Defendant that infringes one of Plaintiff's Copyrighted Designs is the basis for a separate claim against Defendant under the Copyright Act.

32. Upon information and belief, Defendant's acts as alleged are willful infringements of and have irreparably harmed Plaintiff's Copyrighted Designs and exclusive rights and threaten additional infringements and irreparable harm to Plaintiff's copyrights and exclusive rights. Further harm and injury to Plaintiff is imminent, and Plaintiff is without an adequate remedy at law with respect to such harm and injury. Unless Defendant's acts are enjoined and the unlawful and unauthorized copying, duplication, sale, or offer for sale, or importation of unauthorized copies of Plaintiff's Copyrighted Designs are stopped, it is highly probable that Defendant, or others under Defendant's direction, will manufacture, distribute, sell, offer for sale, or import additional home furnishings or other merchandise which bear Plaintiff's Copyrighted Designs causing further irreparable injury to Plaintiff.

33. Defendant has obtained gains, profit, and advantages as a result of its wrongful acts noted above.

34. Plaintiff is entitled, at its option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and Defendant's profits.

///

///

TINGLEY LAW GROUP
ATTORNEYS AT LAW

FC9E1D6C.doc

**COMPLAINT FOR DAMAGES**

**SECOND CLAIM FOR RELIEF**

**(False Designation of Origin and False Advertising — 15 U.S.C. § 1125(a))**

35.     Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36.     Plaintiff's Trademarks are nonfunctional and their inherently distinctive quality and/or acquired distinctiveness have achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods and services.

37.     Defendant falsely and misleadingly advertised, promoted and sold unauthorized articles bearing Plaintiff's Trademarks.

38.     Defendant's use of Plaintiff's Trademarks in interstate commerce as alleged herein without Plaintiff's consent constitutes a false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's goods and/or commercial activities by Plaintiff in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Plaintiff.  Defendant has, and is, making commercial use of Plaintiff's Trademarks in interstate commerce and is marketing to the same members of the public as Plaintiff under a false designation of origin.

39.     Defendant's use of Plaintiff's Trademarks is likely to cause confusion, mistake and/or deception as to (a) the affiliation, connection and/or association of Defendant with Plaintiff, and (b) as to the origin, sponsorship, endorsement and/or approval of Defendant's goods, services and/or commercial activities by Plaintiff.

40.     Defendant's use of Plaintiff's Trademarks is without Plaintiff's permission or authority and is in total disregard of Plaintiff' rights to control its trademarks.

41.     Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

42.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using Plaintiff's Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all

1   gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged

2   above in an amount not yet known, as well as the costs of this action.

3                   **THIRD CLAIM FOR RELIEF**

4                  **(California Unfair Competition)**

5         43.     Plaintiff incorporates herein by reference the averments of the preceding

6   paragraphs as though fully set forth herein.

7         44.     This is a claim for unfair competition, arising under California Business and

8   Professions Code §§ 17200, *et seq*. and California common law

9         45.     Defendant's acts of false designation of origin and false advertising complained of

10  herein constitute unfair competition with Plaintiff under the common law and statutory laws of

11  the State of California, particularly California Business and Professions Code §§ 17200, *et seq*.

12        46.     Plaintiff is informed and believes, and thereon alleges, that Defendant has derived

13  and received, and will continue to derive and receive, gains, profits, and advantages from

14  Defendant's unfair competition in an amount that is not presently known to Plaintiff.  By reason

15  of Defendant's wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is

16  entitled to monetary relief in an amount to be determined at trial.

17        47.     By its actions, Defendant has injured and violated the rights of E & E and has

18  irreparably injured E & E, and such irreparable injury will continue unless Defendant is enjoined

19  by this Court.

20                      **PRAYER FOR RELIEF**

21        WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

22        1.     Permanent injunctive relief restraining Defendant, its officers, agents, servants,

23  employees, attorneys, and all those in active concert or participation with them from:

24            a.     Further infringing Plaintiff's Copyrighted Designs and/or Plaintiff's

25  Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering

26  for sale, advertising, promoting, displaying, or otherwise dispersing any products not authorized

27  by Plaintiff including, but not limited to, home furnishings and related merchandise bearing any

28  simulation, reproduction, counterfeit, or colorable imitation of any of Plaintiff's Copyrighted

Designs and/or Plaintiff's Trademarks;

        b.     Using any simulation, reproduction, counterfeit, or colorable imitation of any of Plaintiff's Copyrighted Designs and/or Plaintiff's Trademarks in the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation, or distribution of unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff or to any goods sold, manufactured, sponsored, or approved by or connected with Plaintiff;

        c.     Making any statement or representation whatsoever, using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed, or sold by Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiff;

        d.     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of any of Plaintiff's Copyrighted Designs and/or Plaintiff's Trademarks or of Plaintiff's rights in, or to use or to exploit said copyrights and/or trademarks, or constituting any dilution of any of Plaintiff's names, reputation, or goodwill;

        e.     Effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs a. through d.;

        f.     Secreting, destroying, altering, or removing, any books or records that may contain any evidence of the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, or displaying of any and all unauthorized products that infringe any of Plaintiff's Copyrighted Designs and/or Plaintiff's Trademarks; and

        g.     Aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon any of Plaintiff's Copyrighted Designs and/or Plaintiff's Trademarks.

        2.     Directing that Defendant delivers for destruction all unauthorized products including apparel, labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements

1   in their possession or under their control bearing any of Plaintiff's Copyrighted Designs and/or

2   Plaintiff's Trademarks or any simulation, reproduction, counterfeit, or colorable imitation thereof,

3   and all means of making the same.

4        3.     Directing that Defendant reports to this Court within thirty (30) days after a

5   Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above.

6        4.     Directing such other relief as the Court may deem appropriate to prevent the trade

7   and public from gaining the erroneous impression that Plaintiff authorized or is related in any way

8   to any products imported, manufactured, sold, or otherwise circulated or promoted by Defendant.

9        5.     Entering Judgment that:

10            a.     Defendant has engaged in false designation of origin and false advertising

11  in violation of 15 U.S.C. § 1125(a);

12            b.     Defendant has engaged in copyright infringement in violation of the

13  Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.*;

14            c.     Defendant has engaged in unfair competition in violation of California

15  common and statutory law;

16            d.     Defendant's acts were willful; and

17            e.     This is an exceptional case under 15 U.S.C. §1117(a);

18       6.     Awarding to Plaintiff from Defendant, as a result of Defendant's sale of any and

19  all Infringing Products bearing Plaintiff's Trademarks, three times its damages therefrom and

20  three times Defendant's profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a)

21  and § 1117.

22       7.     Awarding to Plaintiff from Defendant, as a result of Defendant's infringement of

23  Plaintiff's Copyrighted Designs, Defendant's profits, or at Plaintiff's election, an award of

24  statutory damages pursuant to 15 U.S.C. § 504, of no less than Seven Hundred Fifty Dollars

25  ($750) nor more than Thirty Thousand Dollars ($30,000) per each of Plaintiff's copyrights

26  infringed upon by Defendant, or should such infringement be found willful, statutory damages of

27  up to One Hundred Fifty Thousand Dollars ($150,000) per each of Plaintiff's copyrights willfully

28  infringed upon by Defendant.

1    8.    Awarding to Plaintiff its damages sustained as a result of Defendant's actions;

2    9.    Awarding to Plaintiff its reasonable attorneys' fees and investigative fees pursuant

3    to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

4    10.    Awarding pre- and post-judgment interest.

5    11.    Awarding to Plaintiff its costs in bringing this action.

6    12.    Awarding other such relief to Plaintiff as this Court deems just.

7    Dated: January 7, 2015                    TINGLEY LAW GROUP, PC

8

9                                        By: /s/ Kevin W. Isaacson

10                                           KEVIN W. ISAACSON
                                             Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

3   Court.

4   Dated: January 7, 2015                    TINGLEY LAW GROUP, PC

5

6                                             By: /s/ Kevin W. Isaacson

7                                             KEVIN W. ISAACSON
                                              Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FC9E1D6C.doc                          - 13 -                    **COMPLAINT FOR DAMAGES**