Harrison J. Frahn IV (Bar No. 206822)
hfrahn@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, California  94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorney for Defendant Light In The Box Limited*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| E & E CO., LTD., a California corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>LIGHT IN THE BOX LIMITED, a Hong Kong corporation,<br><br>　　　　　　　　　　　　Defendant. | Case No.  3:15-CV-00069-EMC<br><br>**Judge Edward M. Chen**<br><br>**STIPULATED REQUEST AND [PR~~OPO~~SED] ORDER EXTENDING TIME FOR DEFENDANT TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

　　　　　Plaintiff E & E Co., Ltd., ("Plaintiff" or "E&E") and Defendant Light In The Box Limited ("Defendant" or "LITB") (collectively, the "Parties"), hereby stipulate to a one week extension of the deadline for Defendant to file and serve its Reply in Support of the Motion to Dismiss from January 19, 2016 to January 26, 2016.  The Parties' stipulation is based on the following facts:

　　　　　1.　　Plaintiff E&E filed a Second Amended Complaint ("SAC") in the above captioned case against Defendant LITB on October 14, 2015 (Dkt. No. 60) asserting claims for (1) Copyright Infringement; (2) False Designation of Origin and False Advertising (15 U.S.C. § 1125(a)); and (3) California Unfair Competition ("UCL Claim");

　　　　　2.　　Defendant LITB filed a motion to dismiss E&E's claims for False Advertising and the UCL Claim on December 28, 2015 (Dkt. No. 72).  With respect to the UCL Claim, LITB

1  argued that the SAC's failure to identify the prong or prongs of the California Business and Professions Code being invoked, as well as the specific acts forming the basis of the alleged violation, is insufficient to satisfy the notice requirements of Rule 8;

3.  Plaintiff E&E filed an Opposition to LITB's Motion to Dismiss the SAC on January 11, 2016 (Dkt. No. 74). In its Opposition, E&E expressed a willingness to dismiss its claim for False Advertising, but maintains that the UCL Claim was sufficiently pled. To resolve any doubt, E&E expressed a willingness to further amend the SAC to identify the specific prongs and acts forming the basis of the UCL Claim;

4.  In light of E&E's expressed willingness to amend the SAC with respect to both the False Advertising claim and the UCL Claim, LITB offered to stipulate to such an amendment. E&E requested that LITB identify any further perceived deficiencies in the proposed draft "Third Amended Complaint" attached to E&E's Opposition as Exhibit A ("Opp. Ex. A") (Dkt. No. 74-1). LITB has requested a one week extension to consider whether E&E's proposed amendment, Opp. Ex. A, should be subject to a further motion to dismiss under Fed. R. Civ. P. 12(b)(6). If LITB decides not to challenge the proposed amended complaint under Fed. R. Civ. P. 12(b)(6), it has agreed to withdraw the pending Motion to Dismiss the SAC, enter into a stipulation permitting E&E to file a Third Amended Complaint as proposed in Opp. Ex. A, and has further agreed that it will not file any further motion to dismiss the contemplated Third Amended Complaint under Fed. R. Civ. P. 12(b)(6). If LITB still believes that the proposed document in Opp. Ex. A contains pleading deficiencies, LITB has agreed that it will notify E&E of the alleged deficiencies in advance of stipulating to an amendment of the pleadings, in order to provide E&E with the opportunity to consider whether it needs to cure any such alleged deficiency. As such, the Parties request more time to evaluate that course of action before expending any further Party or Court time and expense litigating the present motion;

5.  The Parties submit that the requested extension will have no effect on the scheduled date for the Hearing on the Motion to Dismiss the Second Amended Complaint, currently set for February 11, 2016;

- 2 -

argued that the SAC's failure to identify the prong or prongs of the California Business and Professions Code being invoked, as well as the specific acts forming the basis of the alleged violation, is insufficient to satisfy the notice requirements of Rule 8;

3.  Plaintiff E&E filed an Opposition to LITB's Motion to Dismiss the SAC on January 11, 2016 (Dkt. No. 74). In its Opposition, E&E expressed a willingness to dismiss its claim for False Advertising, but maintains that the UCL Claim was sufficiently pled. To resolve any doubt, E&E expressed a willingness to further amend the SAC to identify the specific prongs and acts forming the basis of the UCL Claim;

4.  In light of E&E's expressed willingness to amend the SAC with respect to both the False Advertising claim and the UCL Claim, LITB offered to stipulate to such an amendment. E&E requested that LITB identify any further perceived deficiencies in the proposed draft "Third Amended Complaint" attached to E&E's Opposition as Exhibit A ("Opp. Ex. A") (Dkt. No. 74-1). LITB has requested a one week extension to consider whether E&E's proposed amendment, Opp. Ex. A, should be subject to a further motion to dismiss under Fed. R. Civ. P. 12(b)(6). If LITB decides not to challenge the proposed amended complaint under Fed. R. Civ. P. 12(b)(6), it has agreed to withdraw the pending Motion to Dismiss the SAC, enter into a stipulation permitting E&E to file a Third Amended Complaint as proposed in Opp. Ex. A, and has further agreed that it will not file any further motion to dismiss the contemplated Third Amended Complaint under Fed. R. Civ. P. 12(b)(6). If LITB still believes that the proposed document in Opp. Ex. A contains pleading deficiencies, LITB has agreed that it will notify E&E of the alleged deficiencies in advance of stipulating to an amendment of the pleadings, in order to provide E&E with the opportunity to consider whether it needs to cure any such alleged deficiency. As such, the Parties request more time to evaluate that course of action before expending any further Party or Court time and expense litigating the present motion;

5.  The Parties submit that the requested extension will have no effect on the scheduled date for the Hearing on the Motion to Dismiss the Second Amended Complaint, currently set for February 11, 2016;

- 2 -

6. The Parties submit that this agreement was made in the spirit of conserving judicial resources and is in the best interests of the Parties.

The Parties, therefore, respectfully request that the deadline for Defendant to file and serve its Reply in Support of the Motion to Dismiss be reset from January 19, 2016, to January 26, 2016.

Dated: January 19, 2016

SIMPSON THACHER & BARTLETT LLP

By: /s/ Harrison J. Frahn IV
Harrison J. Frahn IV
hfrahn@stblaw.com

*Attorney for Defendant, Light In The Box Limited*

FOX ROTHSCHILD LLP

By: /s/ John Shaeffer
John Shaeffer
jshaeffer@foxrothschild.com
Ashe Puri
apuri@foxrothschild.com

*Attorneys for Plaintiff, E & E CO., LTD.*

**Attestation**: Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from the signatories to this document.

**[PROP~~OS~~ED] <u>ORDER</u>**

Pursuant to the Parties' stipulation and for good cause shown, IT IS HEREBY ORDERED that:

1. The deadline for Defendant Light In The Box Limited to file and serve its Reply in Support of the Motion to Dismiss the Second Amended Complaint shall be reset from January 19, 2016, to January ~~26~~ 25, 2016.

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: January 19, 2016

_____
Edward M. Chen,
United States District Judge



[PROPOSED] ORDER FOR STIPULATED REQUEST RE: MOTION TO DISMISS SAC     CASE NO. 3:15-CV-00069-EMC