John J. Shaeffer (SBN 138331)
jshaeffer@foxrothschild.com
Ashe P. Puri (SBN 297814)
apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Tel: 310.598.4166 / Fax: 310.556.9828

Attorneys for Plaintiff E & E Co., Ltd.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| E & E CO., LTD. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIGHT IN THE BOX LIMITED, a Hong Kong corporation; and DOES 1-50 inclusive,<br><br>Defendants. | Case No. 3:15-CV-00069 EMC<br><br>Hon. Edward M. Chen<br>AMENDED ORDER RE:<br>**STIPULATED INJUNCTION**<br><br>Complaint filed: 1/7/2015 |



ACTIVE 39956820v1 04/19/2016

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff E & E CO., LTD. (“Plaintiff” or “E&E”), and Defendant LIGHT IN THE BOX LIMITED (“Light in the Box”) that the accompanying [Proposed] Order Granting Stipulated Injunction may be entered by the Court to give effect to the stipulations set forth below:

1. This Court has jurisdiction over E&E and Light in the Box and over the subject matter at issue in this action. E&E and Light in the Box consent to jurisdiction of this Court for the purpose of executing and enforcing this Stipulated Injunction.

2. This Stipulated Injunction and/or the Order granting it shall not be considered an admission of liability of any Party, shall not have the effect of conferring “prevailing party” status on any Party, and shall not otherwise entitle any Party to an award of attorney fees or costs. Neither party shall seek an award of attorney fees or costs on the basis of the consummation of this Stipulated Injunction.

3. E&E is the owner of U.S. Copyright Registration Nos. VA 1-909-082 and VA 1-877-384.

4. Light in the Box, its officers, agents, employees, successors-in-interests, and assigns will be bound by an Order of this Court to comply with the relevant provisions below for so long as E&E, or its successors or assigns, is using its “E&E Co., Ltd.” registered trademark or owns rights to the ‘082 and ‘384 Copyrights, respectively. During this period, Light in the Box is enjoined and will refrain from directly or indirectly doing any of the following:

a. Manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale in the U.S. without the express authorization or consent of E&E or its affiliates, any products using any of the designs copyrighted in U.S. Copyright Registration Nos. VA 1-909-082 and VA 1-877-384, for which E&E maintains a non-exhausted right to exclusively manufacture, import, export, distribute, license, sell, market, advertise, promote, or offer for sale;

b. Manufacturing, importing, exporting, distributing, licensing, selling, marketing, advertising, promoting, or offering for sale in the U.S. without the express authorization or consent of E&E or its affiliates, any product bearing or using the "E&E Co., Ltd." name or USPTO registered trademark, or a mark confusingly similar in the household and home furnishings retail segment, in any manner, including any product expressly identified as manufactured for E&E within this segment as evident upon a physical inspection of the product, and for which E&E maintains a non-exhausted right to exclusively manufacture, import, export, distribute, license, sell, market, advertise, promote, or offer for sale;

c. Challenging or assisting others in challenging, either directly or indirectly, the validity, ownership, or enforceability of U.S. Copyright Registration Nos. VA 1-909-082 and VA 1-877-384 in any court or tribunal.

d. Light in the Box reserves all defenses cognizable under U.S. federal and California state copyright, trademark and unfair competition law as justification for the above listed activities. No violation of the Order entering this Stipulated Injunction shall be found where any such defense is found to apply.

5. The activity described above shall not be the basis for finding any violation of the Order entering this Stipulated Injunction, unless E&E has first provided Proper Notice to Light in the Box of any alleged activity pursuant to paragraph 6 of this Stipulation, and allowed Light in the Box the opportunity to cure and/or respond to such allegations in accordance with the provisions and timelines of this paragraph and paragraph 6. Absent an agreement of the parties, the alleged activity is cured upon Light in the Box expeditiously recalling the involved product(s) and disgorging all profits from the sale of the involved product(s).

a. For the purposes of this paragraph, "recalling" the involved product(s) shall require that Light in the Box expeditiously issue a notice to the direct

purchaser(s) of said product(s) expressing that E&E has disputed the origin of the product(s), and offer a thirty (30) day window during which the product(s) may be returned for a full refund.

b. Any disgorgement of profits will be measured after the thirty (30) day recall window has closed for any and all direct purchaser(s), and shall not include any receipts that were refunded for any purpose.

c. Notwithstanding the foregoing, any repetition of a previously Properly Noticed paragraph 4 activity that Light in the Box failed to cure or sufficiently justify, shall be considered a violation of the Order entering this Stipulated Injunction and punishable for contempt of Court. A "repetition" shall consist only of the sale of the same alleged product(s) that had previously been Properly Noticed and uncured or unjustified by Light in the Box.

6. No motion or action to enforce this Stipulated Injunction shall be initiated until all notice and response provisions are satisfied, or until the period for curing the alleged activity has lapsed, if applicable. Premature motions or actions shall be denied.

a. Proper Notice of any alleged activity described in paragraph 4 shall be given within a reasonable time after discovery of such activity. Any notice given after the thirtieth day after E&E discovers the violation shall be ineffective.

b. Proper Notice shall include the following:

i. Identification of the alleged activity, including but not limited to the date(s) such activity is alleged to have occurred, an identification of the involved products, copyrights and/or trademarks and all other materials in E&E's possession giving evidence of such activity, including for example, photos, screenshots or .url weblistings of the alleged activity, when available;

ii. A written statement of the nature of the discovery of such activity, including the name(s), address(es), and brief factual account(s) of any witness(es) or investigator(s);

iii. A statement of the basis for which E&E alleges the activity is not authorized; and

iv. Any other information reasonably necessary for Light in the Box to verify the existence and scope of any alleged activity.

c. Proper Notice under this paragraph must be in writing and will be deemed given upon confirmed email delivery, or when actually received if delivered by courier with written proof of delivery, or 14 days after being sent by prepaid first class mail, with return receipt requested, to the individuals and addresses below:

Liu Shen
Wen Wen
Senior Legal Counsel
Light in the Box
Tower 2, Area D, Diantong Square
No. 7 Jiuxianqiao North Road
Chaoyang District, Beijing, China 100015
liushen@lightinthebox.com
wenwen@lightinthebox.com

With copy to:
Harrison Frahn
Simpson Thacher & Bartlett, LLP
2475 Hanover Street
Palo Alto, CA 94304
hfrahn@stblaw.com

d. Upon receipt of Proper Notice, Light in the Box shall be permitted fifteen (15) days to either state its intent to cure the alleged activity in accordance with the terms of paragraph 5 of this Stipulation or provide a Counter Notice denying the alleged activity and providing an explanation, justification, or defense for such activity. Counter Notice shall be given within fifteen (15) days after

receiving Proper Notice from E&E. Any Counter Notice given after the fifteen (15) day period shall be ineffective. Counter Notice shall include a description of the basis for which Light in the Box alleges the alleged activity is authorized, if applicable.

Counter Notice under this paragraph must be in writing and will be deemed given upon email delivery, or when actually received if delivered by courier with written proof of delivery, or 14 days after being sent by prepaid first class mail, with return receipt requested, to the individuals and addresses below:

Jude Anthony
E & E Co., Ltd.
45875 Northport Loop E.
Fremont, CA 94538
jude.anthony@jlahome.com

With copy to:
John Shaeffer
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
jshaeffer@foxrothschild.com
apuri@foxrothschild.com

The activity described in paragraph 4 shall not be the basis for finding any violation of the Order entering this Stipulated Injunction if any defense described in paragraph 4(d) applies. It shall also not be the basis for finding a violation if Light in the Box cures the alleged activity in accordance with the terms of paragraph 5, unless the alleged activity is a repeated violation of this Stipulated Injunction, as described in paragraph 5(c).

7. This Stipulated Injunction shall inure to the benefit of E&E and its successors and assigns and will be binding on Light in the Box's successors and assigns.

8. Although this Stipulated Injunction and the Order granting it will be a matter of public record, no Party shall make any public or third-party disclosure, communication, press release, statement, or announcement regarding the fact, content or terms of this Stipulated Injunction, or the Order granting it, without the prior written consent of all other Parties, except for disclosure necessary for compliance with or enforcement of the above provisions, or to the Parties' counsel, accountants, financial advisors, tax professionals retained by them, any federal, state, or local governmental taxing or regulatory authority, and the Parties' management, officers and Board of Directors, and except as required by law or order of court. Notwithstanding the foregoing, if any Party is asked to publicly comment on the resolution of this matter, a statement that the parties "have amicably resolved their dispute" shall not constitute a disclosure under this paragraph, provided, however, the Parties shall not disclose the fact, terms or content of this Stipulated Injunction, or Order granting it. If any subpoena, order or discovery request (the "Document Request") is received by any of the Parties hereto calling for the production or description of the Stipulated Injunction, or Order granting it, such Party shall promptly notify all other Parties hereto prior to any disclosure of same. In such case, the subpoenaed Party shall: (a) make available as soon as practicable (and in any event prior to disclosure), for inspection and copying, a copy of or description of the Stipulated Injunction, or Order granting it, it intends to produce pursuant to the Document Request unless such disclosure is otherwise prohibited by law; and (b) and, to the extent possible, shall not produce anything in response to the Document Request for at least ten (10) business days following such notice. If necessary, the subpoenaed Party shall take appropriate actions to resist production, as permitted by law, so as to allow the Parties to try to reach agreement on what shall be produced. The Parties consider confidentiality of this matter to be of the highest importance. Failure to maintain confidentiality in this manner shall result in sanctions, as deemed appropriate by the Court.

//

//

//

//

//

//

//

**SO STIPULATED BY:**

Dated: April 19, 2016

FOX ROTHSCHILD LLP

By /s/ Ashe Puri
John Shaeffer
Ashe Puri
Attorneys for Plaintiff,
E & E CO., LTD.

Dated: April 19, 2016

SIMPSON THACHER & BARTLETT LLP

By /s/ Harrison Frahn
Harrison Frahn
Attorney for Defendant,
LIGHT IN THE BOX LIMITED

**Attestation**: Pursuant to Civil Local Rule 5-1(i)(3), the filer attests that concurrence in the filing of this document has been obtained from the signatories to this document.

**IT IS SO ORDERED.**

Dated: April 20, 2016

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED

Judge Edward M. Chen